
Marian F. Harrison
US Bankruptcy Judge

Dated: 9/12/2014

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 101-14483 |
| **JEFFREY BRENT COOK, AND** ) | |
| **LORI ANN COOK,** ) | JUDGE MARIAN F. HARRISON |
| ) | |
| Debtors. ) | CHAPTER 7 |
| ) | |
| **JEFFREY BRENT COOK, AND** ) | |
| **LORI ANN COOK,** ) | ADV. NO. 113-90211 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **FRANKLIN CREDIT MANAGEMENT,** ) | |
| **AND FRANKLIN CREDIT** ) | |
| **MANAGEMENT CORPORATION,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

This matter is before the Court upon the defendant's motion requesting that the Court consider its three motions for judgment on the pleadings, filed on July 25, 2014. After hearing argument, the Court took the matter under advisement to determine whether the issues raised in the motions for judgment on the pleadings were previously considered at the hearing on the parties' cross-motions for summary judgment. After reviewing the pleadings and listening to the January 14, 2014, hearing on cross-motions for summary judgment, the Court finds that the motions for judgment on the pleadings should be denied and that the matter should proceed to trial.

The defendant filed three separate motions for judgment on the pleadings, asserting: (1) the original settlement agreement is unenforceable because the subsequent agreed order released the defendant from any violations of the earlier settlement agreement; (2) the agreed order is unenforceable by its terms because it includes waiver and release language; and (3) the defendant complied with the agreed order by correcting the debtors' credit report.

The 2010 confidential settlement agreement included a provision regarding the repair of the debtors' credit report. The debtors filed a subsequent adversary proceeding, asserting that the defendants had not complied with the settlement agreement. This adversary was resolved by an agreed order, dated May 10, 2011, and included a provision requiring the defendant to "correct any inaccurate or erroneous records on the plaintiffs' credit report." At the hearing on cross-motions for summary judgment, the defendant argued that the debtors waived and released any claims that were resolved in the settlement agreement and in the agreed order. The defendant also argued that it complied with the terms of the agreed order but could not point to any proof in the record that it had corrected all credit reports. Whereas, the debtors produced documentation showing that at least one credit report reflected inaccurate information regarding their mortgage with the defendant.

Based on these arguments and upon the pleadings presented with the summary judgment motions, the Court found that there were material facts in dispute and denied the motions. The defendant has not shown how its motions for judgment on the pleadings are different from the relief sought on summary judgment, nor has the defendant provided any reason to change the Court's previous decision.

This adversary has been pending since May 16, 2013, and has been wrought with discovery disputes and redundant pleadings. It is time for the matter to be tried.

**IT IS, THEREFORE, ORDERED** that the defendant's motion to be heard on its multiple motions for judgment on the pleadings is **DENIED.**

**IT IS FURTHER ORDERED** that no additional dispositive motions will be entertained. As decided in open court, the trial will be held on November 20, 2014, at 9:00 a.m., in Courtroom 3, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee.

**IT IS SO ORDERED.**

**This Order was signed and entered electronically as indicated at the top of the first page.**

3 - U.S. Bankruptcy Court, M.D. Tenn.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 1:13-ap-90211    Doc 89    Filed 09/15/14    Entered 09/15/14 09:22:11    Desc Main Document    Page 3 of 3