
Marian F. Harrison
US Bankruptcy Judge

Dated: 4/10/2015



# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 101-14483 |
| JEFFREY BRENT COOK, AND | ) |
| LORI ANN COOK, | ) JUDGE MARIAN F. HARRISON |
| | ) |
| Debtors. | ) Chapter 13 |
| | ) |
| | ) |
| JEFFREY BRENT COOK, AND | ) ADV. NO. 113-90211 |
| LORI ANN COOK, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| FRANKLIN CREDIT MANAGEMENT | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

___

## MEMORANDUM OPINION
___

This matter is before the Court upon Franklin Credit Management Corporation's (hereinafter "defendant") motion to reconsider this Court's prior ruling holding the defendant in contempt, motion for costs pursuant to Fed. R. Civ. P. 68, and objection to the plaintiffs' attorney fees affidavit filed by counsel for the debtors. For the following reasons, the Court

finds that the defendant's motions should be denied and that the objection to the affidavit regarding attorney fees should be sustained.

## I. PROCEDURAL BACKGROUND

On May 16, 2013, the debtors filed this adversary complaint against the defendant, asserting that the defendant violated an agreed order in a prior adversary by failing to "correct any inaccurate or erroneous records on the [debtors'] credit report" and seeking a finding of contempt. After numerous hearings on discovery disputes and dispositive motions, a trial was held on November 20, 2014, and based on the proof, the Court found that the defendant had willfully violated the terms of the agreed order in the prior adversary by failing to correct information on the debtors' credit report. In addition to actual damages, the Court awarded punitive damages and attorney fees, finding that it took three adversary proceedings to compel the defendant to comply fully with the orders of this Court, and within those adversaries, the defendant consistently failed to comply with discovery requests. Moreover, the Court found that the defendant did not correct the debtors' credit reports until June 2014, over a year after this adversary was filed. On November 25, 2014, the Court entered an order incorporating the Court's findings of fact and conclusions of law.

Thereafter, the defendant filed a motion to reconsider pursuant to Fed. R. Civ. P. 59, a motion for costs under Fed. R. Civ. P. 68, and an objection to the affidavit for attorney fees

filed by counsel for the debtors. A hearing was held on January 16, 2015, and the matters were taken under advisement.

## II. DISCUSSION

### A. Rule 59 Relief

In its motion for reconsideration, the defendant raises three issues: (1) whether "[t]he Court Erred in Ignoring the Express Release Language of the Prior Orders," (2) whether "Attorneys' Fees Were Not Properly Determined," and (3) whether the order should be amended to reflect that costs incurred in this action are not actual damages.

Fed R. Civ. P. 59(a), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9023, provides that a new trial may be granted "on all or some of the issues – and to any party . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." On a motion for a new trial in an action tried without a jury, the court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2).

The decision to grant relief pursuant to Rule 59(a) rests within the sound discretion of the bankruptcy court. ***See Davis v. Jellico Cmty. Hosp. Inc.,*** 912 F.2d 129, 132-33 (6th Cir. 1990) (citations omitted). While Rule 59(a) does not specifically enumerate grounds for

relief, generally, such motions are not granted unless "the verdict is against the weight of the evidence, the damages are excessive, there is newly discovered evidence, or the trial was otherwise unfair." *In re Quality Stores, Inc.*, 272 B.R. 643, 649-50 (Bankr. W.D. Mich. 2002) (citation omitted). *See also In re Bulson*, 327 B.R. 830, 836 (Bankr. W.D. Mich. 2005) (Rule 59 motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence") (citation omitted). Such "'motions cannot be used to raise arguments which could, and should, have been made before the judgment issued'" or "'to argue a case under a new legal theory.'" *Id.* at 836 (citations omitted).

The first issue raised in the motion to reconsider is the defendant's argument that "[t]he Court finding civil contempt is a manifest error in law that is plain and undisputable that amounts to a complete disregard of the controlling law and the credible evidence in the record. The Court's Order ignores the legal effect of the prior orders waiving and releasing the very claims made by the [debtors]." The defendant raised the waiver argument in its motion for summary judgment, motion for judgment on the pleadings, at trial, and now in this motion to reconsider. As this Court has reiterated throughout these proceedings, the release language in the agreed order from the prior adversary proceeding does not make the terms of the order unenforceable. Based on the proof, the Court found that the defendant willfully did not comply with the terms of the agreed order, and the Court finds no basis for reconsidering this issue yet again. *See Sault Ste. Marie Tribe of Chippewa Indians v.*

*Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted) (Rule 59 motion "is not an opportunity to re-argue a case").

The second issue raised in the motion to reconsider is whether the attorney fees were properly determined based upon the affidavit of counsel for the debtors. This same issue is raised in the defendant's objection to the attorney fee affidavit and will be addressed later in this Memorandum Opinion.

The third issue raised in the motion to reconsider is whether the order incorrectly labeled costs incurred in this action as actual damages rather than actual costs and sanctions. The Court disagrees. Actual damages include the out-of-pocket expenses, including attorney fees and expenses, incurred in the prosecution of a motion for contempt. *In re Borowski*, No. 08-32750, 2013 WL 3759794, at *2 (Bankr. E.D. Tenn. July 15, 2013) (actual damages include "out-of-pocket expenses" and "attorney fees and expenses incurred in the prosecution of the Motion for Contempt"). As stated in this Court's order, the following actual damages were awarded (plus attorney fees, which are discussed later in this Memorandum Opinion):

| | |
|---|---|
| Court reporting cost | $328.40 |
| Mediation cost | $787.50 |
| Lost Wages Mr. Cook | $40.00 |
| Lost Wages Mrs. Cook | $396.00 |
| Travel expenses | $100.00 |

Accordingly, the Court finds that these "costs" were correctly labeled as "actual damages."

Finally, the defendant argues that this Court did not have authority to award punitive damages in the amount of $5000.

Pursuant to 11 U.S.C. § 105(a):

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

While acknowledging the limits on bankruptcy courts' inherent powers, the Sixth Circuit Court of Appeals has also recognized that 11 U.S.C. § 105(a) gives bankruptcy courts the "authority to award mild noncompensatory punitive damages." ***Adell v. John Richards Homes Bldg. Co., L.L.C. (In re John Richards Homes Bldg. Co., L.L.C.),*** 552 Fed. App'x 401, 415 (6th Cir. 2013) (unpublished table decision).[1] This authority is "limited to sanctions that are necessary or appropriate to enforce the Bankruptcy Code." ***Id.*** at 415 (citation omitted). "[P]unitive damages are only appropriate where there is some sort of nefarious or otherwise malevolent conduct." ***In re Perviz***, 302 B.R. 357, 372 (Bankr. N.D. Ohio 2003) (citation omitted). ***See also In re Borowski***, 216 B.R. 922, 925 (Bankr. E.D. Mich. 1998) (citations omitted) (punitive

---

[1]The Court declined to define "'serious' noncompensatory award of punitive damages because the $2.8 million awarded below is serious under any definition." ***Id.*** at 416. However, the Court did note that "[a] $5,000 sanction is not considered a serious punitive sanction." ***Id.*** at 415 (citation omitted).

damages are appropriate where the violation is willful and reflects "'a clear disregard and disrespect of the bankruptcy laws'").

The Court finds that punitive damages were appropriate in this case. As stated by the Court, it has taken three adversaries to compel the defendant to comply fully with the orders of this Court. Moreover, within those adversary proceedings, the defendant consistently failed to comply with discovery requests and was sanctioned for such in the second adversary. Even with all of this litigation, the defendant did not correct the debtors' credit reports until June 2014, over a year after the third adversary was filed. This defendant has consistently disregarded the bankruptcy laws and the orders of this Court, and therefore, the Court finds that it was justified in awarding mild noncompensatory damages to encourage this defendant to act differently in the future.

Accordingly, the Court finds that the motion to reconsider should be denied.

### B. Relief Pursuant to Fed. R. Civ. P. 68

The defendant is seeking attorney fees and costs because the debtors did not accept its offer of judgment made on October 15, 2014, in the amount of $10,000 as compensation and allowing the debtors' counsel to seek "by separate motion the Court's approval of your attorneys' fees." Because the defendant's offer expressly excluded attorney fees from costs to be awarded, the defendant asserts the amounts awarded were less than the offer of judgment, and therefore, the defendant is entitled to payment of its costs and attorney fees from the date of the offer of judgment, October 15, 2014. The debtors oppose the motion,

asserting that the judgment was more favorable than the offer of judgment made by the defendant.

To clarify the circumstances surrounding the defendant's offer of judgment, the Court allowed counsel for each side to testify at the hearing. Keith Slocum, counsel for the debtors, testified that after receiving the offer of judgment, he figured out that the debtors owed approximately $10,000 in attorney fees. Mr. Slocum testified that he called opposing counsel, Edward Russell, and was told that the defendant would object to any attorney fee claim. According to Mr. Slocum, Mr. Russell brought up the "American Rule[2]," asserting that the debtors should be responsible for their own attorney fees and costs. Mr. Russell testified that Mr. Slocum called him to see if the defendant would be opposing attorney fees. Mr. Russell indicated that the defendant would object to fees, but under the offer, the debtors could make that request to the Court. Mr. Russell did not recall the American Rule coming up in the conversation or that it was an issue in the matter of the offer of judgment.[3] Given Mr. Slocum's testimony that he specifically recalled discussing the American Rule during the conversation and Mr. Russell's testimony that he did not recall the discussion but that it

---

[2]The "American Rule" generally requires litigants to pay their own attorney fees absent a statute or enforceable contract that provides otherwise. ***Official Comm. of Unsecured Creditors v. Dow Corning Corp. (In re Dow Corning Corp.),*** 456 F.3d 668, 684-85 (6th Cir. 2006) (citations omitted).

[3]When asked by the Court who brought up the American Rule, Mr. Russell testified "I don't recall it even coming up. Now, it may have, we're talking . . .three and a half months ago, and I don't keep track of details like that. I don't recall it coming up because I don't recall it being an issue as part of the offer of judgment."

may have been discussed, more weight shall be given to Mr. Solcum's characterization of their conversation.

Fed. R. Civ. P. 68(d), as incorporated by Fed. R. Bankr. P. 7068, provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Thus, if the judgment rendered fails to exceed the amount of the offer in compromise, a plaintiff must pay the defendant's costs. The issue in the present case is whether an award of attorney fees should be considered in determining whether the judgment received was more favorable than the judgment offer. The Court finds that the attorney fees are part of the judgment.

Bankruptcy courts have both inherent authority, and statutory authority under 11 U.S.C. § 105(a), to sanction misconduct. ***In re Mehlhose,*** 469 B.R. 694, 708-09 (Bankr. E.D. Mich. 2012) (citation omitted). Section 105(a) provides bankruptcy courts with the statutory authority to award attorney fees as a sanction for misconduct. ***Id.*** at 711. Here, the Court found that the defendant willfully violated an agreed order, and based on that conduct, the Court had statutory authority to award attorney fees. While there is an objection to the attorney fees requested, it is undisputed that the debtors had already incurred approximately $10,000 in attorney fees at the time of the offer of judgment. Accordingly, the judgment was greater than the unaccepted offer. ***See Eastman v. Baker Recovery Servs. (In re Eastman),*** Bankr. No. 05-57404-C, Adv. No. 08-5055-C, 2010 WL 5462469, at *5 (Bankr. W.D. Texas

9 - U.S. Bankruptcy Court, M.D. Tenn.

Dec. 29, 2010) ("'costs' in the context of the rule includes the reasonable attorneys' fees incurred by the plaintiff in enforcing a civil contempt action"); *Watkins v. Guardian Loan Co. of Massapequa, Inc. (In re Watkins),* 240 B.R. 668, 683 (Bankr. E.D.N.Y. 1999) (defendant not entitled to recover costs incurred subsequent to offer of judgment where judgment awarded included attorney fees in excess of offer). Accordingly, the Court finds that the judgment was more favorable than the defendant's offer of judgment, and therefore, the defendant is not entitled to Rule 68 relief.

Even if the Court did not find that the judgment was more favorable, the Court would deny the defendant's motion. The purpose of Fed. R. Civ. P. 68 is to promote settlement of costly litigation. *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352 (1981) (citations omitted). From the history of this case and the testimony of counsel, it is clear that the defendant's offer of judgment was not intended to promote the settlement of costly litigation. At the time of the offer, the debtors had already spent a considerable amount in attorney fees and costs. When questioned about the attorney fee language in the offer, the defendant, through counsel, made clear that it would fight any request by the debtors that the defendant be required to pay the debtors' attorney fees. This is the third adversary complaint the debtors have had to bring against the defendant to make it comply with the Bankruptcy Code and the orders of this Court. Throughout the current adversary, the defendant has escalated litigation costs by chronically failing to comply with discovery requests and raising the same

issues numerous times rather than complying with the agreed order from the prior adversary. The defendant's Rule 68 argument is just another example.

### C.  Objection to Affidavit Regarding Attorney Fees

The defendant objects to the attorney fees affidavit filed by the debtors' attorney, as well as the billing invoice attached to the debtors' response to the objection.  The crux of the defendant's argument is that counsel for the debtors listed approximately 28 hours of "General Entry" without further explanation.  At the hearing, counsel for the debtors indicated that he had not fully explored the billing system used in his office and was unfamiliar with the codes for more specific entries.

It is the responsibility of the party seeking attorney fees to document its entitlement to fees.  The Sixth Circuit has held that "[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." ***Imwalle v. Reliance Med. Prods., Inc.,*** 515 F.3d 531, 553 (6th Cir. 2008).  While this Court has the authority to reduce an award of attorney fees "[w]here the documentation of hours is inadequate," ***Reed v. Rhodes,*** 179 F.3d 453, 472 (6th Cir. 1999) (citation omitted), to do so would be a windfall to the defendant.  Accordingly, the Court finds that counsel for the debtors should be given an opportunity to resubmit his affidavit with a more detailed billing invoice.  Neither the defendant nor the debtors should be

required to pay for the time counsel spends updating the invoice. Learning the office billing system is the responsibility of counsel.

### III. CONCLUSION

Accordingly, the Court finds that the defendant's motion to reconsider and motion for costs should be denied and that the defendant's objection to counsel's affidavit regarding attorney fees should be sustained. Counsel for the debtor shall have 30 days from the date of this Memorandum Opinion and accompanying Order in which to file an amended affidavit and billing invoice.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

12 - U.S. Bankruptcy Court, M.D. Tenn.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 1:13-ap-90211    Doc 119    Filed 04/13/15    Entered 04/13/15 08:08:25    Desc Main
Document    Page 12 of 12